# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00252-RJC-DSC

| | |
|---|---|
| RICHARD HIXSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| MARIO HERNANDEZ, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on pro se Plaintiff's "Motion to Disqualify Attorney Carter Klein" (document #22).

The Court has carefully reviewed the record, authorities and the parties' arguments. Federal courts apply a strict standard in considering motions to disqualify a party's chosen counsel. Tech. Partners, Inc. v. Papaioannou, No. 3:15-cv-63, 2016 WL 797555, at *2 (W.D.N.C. Mar. 1, 2016). "The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 146 (4th Cir. 1992). Plaintiff has failed to show the existence of an attorney client relationship between his wife Janet Hixon and Carter Klein. Likewise, Ms. Hixon was never a prospective client of Mr. Klein.

For those reasons as well as the other reasons stated in Defendants' "Response …" (document #26), Plaintiff's "Motion to Disqualify Attorney Carter Klein" (document #22) is denied.

The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: September 20, 2016

David S. Cayer
United States Magistrate Judge